In the United States District Court
for the Southern District of Georgia
Brunswick Division

FILED
U.S. DISTRICT COURT
2007 APR 25 A 9:06

|  |  |  |
|---|---|---|
| LAWYERS TITLE INSURANCE CORPORATION, | : | CIVIL ACTION |
| Plaintiff, | : |  |
| v. | : |  |
| FLORENCE DEES, Individually, and In Her Capacity as Tax Commissioner of Glynn County, | : |  |
| Defendant and Third Party Plaintiff, | : |  |
| v. | : |  |
| WESTERN UNITED LIFE ASSURANCE COMPANY, d/b/a Western United Company, and MOTEL PROPERTIES, INC., | : |  |
| Third Party Defendants. | : | NO. CV206-169 |

O R D E R

Plaintiff, Lawyers Title Insurance Corporation ("LTIC"), brought this action against Glynn County Tax Commissioner, Florence Dees, asserting claims for negligent misrepresentation. LTIC amended its complaint to add a

declaratory relief count against Western United Assurance Company ("Western").

Presently before the Court is Western's motion to dismiss LTIC's amended complaint for lack of subject matter jurisdiction. Because LTIC's declaratory judgment claim against Western is ripe for review, the motion will be **DENIED**.

## BACKGROUND

According to LTIC, on July 19, 2002, Motel Properties closed on the purchase of certain real property on Jekyll Island, Georgia, with Western as lender and LTIC providing a title insurance policy. LTIC avers that Dees provided inaccurate information concerning the status of unpaid property taxes regarding the real estate in question.

In 2004, Motel Properties defaulted on its loan with Western, and the lender foreclosed on the property and held a public sale. At the sale, Western was the highest bidder, and currently owns the properties. According to Dees, Western agreed to make certain payments for back taxes owed to Dees for the tax years 2000 and 2001. In turn, Western demanded payment in the amount of $153,891.09 for back taxes under the title insurance policy issued by LTIC.

AO 72A
(Rev. 8/82)

On June 29, 2006, LTIC paid this sum under protest. Western has asserted that additional taxes previously paid to Dees are the responsibility of LTIC, and that further information concerning the amount and allocation of prior payments must be obtained by Western before it can assess any further claim it will assert against LTIC. Dkt. No. 57; Dkt. No. 23 at ¶ 3; Dkt. No. 1, ¶¶ 14 & 20.

On July 17, 2006, LTIC filed its original complaint against Dees for negligent misrepresentation. On August 16, 2006, Dees filed a third-party complaint against Western and Motel Properties, contending that these entities should indemnify Dees for all liabilities owed to LTIC arising out of LTIC's lawsuit. Dees asserts claims for breach of contract, promissory estoppel, and unjust enrichment.

On January 11, 2007, LTIC amended its complaint, adding a claim against Western. In this count, LTIC seeks declaratory relief, asking the Court to determine whether LTIC must make payments to Western related to taxes paid by Western to Dees and, if so, whether such payments should be included in the damages sought by LTIC against Dees.

On January 23, 2007, Western filed a counterclaim against Dees, asserting claims for negligence, unjust enrichment, and

money had and received. Contrary to Dees' assertions, Western maintains that it made monthly property tax payments from July 2002 until June 2006 to Dees "that were substantially larger than the amounts owed." Dkt No. 40 at ¶ 4. Western alleges that it has been unable to obtain an accurate accounting from Dees, and it seeks "an accounting concerning the taxes due, the amounts paid, and the method of calculation from July 19, 2002, to the present." Id. at ¶ 19.

**STANDARD ON A MOTION TO DISMISS UNDER RULE 12(b)(1)**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a claim because the court lacks jurisdiction over the subject matter. Such a motion may be made at any stage of the proceedings. Fed. R. Civ. P. 12(h)(3).

> Attacks on subject matter jurisdiction come in two forms: (1) facial attacks, and (2) factual attacks.
> []
> Facial attacks on a complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion." [] Factual attacks challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." [] This circuit has explained that in a factual attack, the presumption of truthfulness

4

afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, and the court is free to weigh the evidence[.]

Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)(citations omitted).

Because Western has made a factual attack on the Court's subject matter jurisdiction, the Court may consider matters outside the pleadings in resolving this motion.

**DISCUSSION**

A declaratory judgment action is suitable for adjudication if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." GTE Directories Pub. Corp. v. Trimen Am., Inc., 67 F.3d 1563, 1567 (11th Cir. 1995).

The threat of injury must be real and immediate, not hypothetical or conjectural. Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 411-12 (3d Cir. 1992). "Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to

5

give rise to a case or controversy within the meaning of Article III." Id.

LTIC argues that it is appropriate for it to determine the validity of Western's claim against it so that it can assert a claim against Dees to recoup any debt owed to Western. According to Western, however, LTIC's requested relief is contingent and speculative, making it too hypothetical to constitute an actual controversy. Considering Western's representations, the Court concludes that LTIC's declaratory judgment action is ripe for review. Western's claims against LTIC are best described as concrete and imminent, not potential and abstract.

In the parties' joint motion for modification of the Court's scheduling order, Western asserted that certain taxes paid by Western could be LTIC's responsibility, and that it needed to conduct discovery to assess any further claim it might bring against LTIC. Dkt. No. 23 at ¶ 3.

More strikingly, according to Western's May 24, 2006, letter to LTIC, Western claimed that LTIC's responsibility for these back taxes was certain:

> [Western] shall subsequently be submitting to LTIC a demand for reimbursement to [Western] for all amounts heretofore expended by [Western] for payment of any outstanding and delinquent property taxes for 1999,

6

> 2000, 2001, which taxes are the subject of the title claim, and [Western] shall expect immediate payment by LTIC in reimbursement to [Western] of such amounts.

Dkt. No. 57 at 5.

Moreover, this letter shows that, if the <u>extent</u> Western's claim against LTIC is uncertain, the fault lies with Western, due its own record-keeping practices:

> [Western] has been compelled to make payments, from its own funds and from funds of the previous receivership for the properties, of the taxes outstanding for 1999, and of portions of the taxes outstanding for 2000 and 2001. [Western] is currently reviewing and assembling its records to compile specific information concerning the timing and amount of these payments by [Western]. However, at least $255,000.00 has been paid by [Western] to the Glynn County Tax Commissioner relating to these delinquent taxes since November 2004.

Dkt. No. 57 at 5.

In consequence, Western cannot now be heard to complain that its claims against LTIC are too vague and uncertain to permit adjudication by the Court. According to Western's own representations to LTIC and the Court, an action by it against LTIC appears inevitable. <u>Exxon Corp. v. Busbee</u>, 644 F.2d 1030,

7

1031-32 (5th Cir. 1981)[1]; Elend v. Basham, 471 F.3d 1199, 1211 (11th Cir. 2006).

As LTIC notes, not permitting the declaratory judgment action to go forward will impose a substantial hardship on it. Id. If Western asserts claims against LTIC in a later proceeding, LTIC will be forced to expend substantially more time and resources to defend against that subsequent action.[2]

Judicial economy is served by determining the declaratory judgment claim within this litigation. If Western has a viable claim against LTIC, it arises from Dees' misrepresentations as to the taxes owed at the time of the closing. LTIC's liability would be based on events that have already occurred, which are related to the same operative facts and claims being litigated in this lawsuit.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[2] LTIC also argues that, in such a proceeding, it is conceivable that a court could bar it from asserting claims against Dees on the basis of res judicata, because the court could find that such a claim should have been raised and litigated in this action. Eastman Kodak Co. v. Atlanta Retail, Inc., 456 F.3d 1277, 1285 (11th Cir. 2006).

**CONCLUSION**

For the reasons explained above, LTIC's claim against Western is ripe for determination. Accordingly, Western's motion to dismiss is **DENIED**. Dkt. No. 47.

**SO ORDERED**, this ____24th____ day of April, 2007.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)